PEOPLE v. BALLOTS.

1. CRIMINAL LAW—REVIEW BY PEOPLE BY WRIT OF ERROR STATUTORY.
   Without statutory authorization, the people cannot review crim-
   inal case by writ of error.

2. SAME—QUASHING COMPLAINT—RIGHT OF PEOPLE TO REVIEW BY
   WRIT OF ERROR—STATUTES.
   Quashing complaint based on city ordinance penalizing use of
   indecent, insulting, and immoral language, on the ground that
   it did not sufficiently inform accused of the charge, is not re-
   viewable by the people by writ of error under authority of
   Act No. 175, Pub. Acts 1927, chap. 10, § 12, since invalidity
   or construction of statute is not involved, assuming that
   "statute" includes municipal ordinance.

Error to Wayne; Hunt (Ormond F.), J. Sub-
mitted October 16, 1930. (Docket No. 166, Calendar
No. 35,217.) Decided December 2, 1930.

Sophie Ballots was convicted in justice's court of
violation of a city ordinance. From order quashing
complaint on appeal to circuit court, the people
bring error. Affirmed.

*Wilber M. Brucker,* Attorney General, *James E.
Greene,* Corporation Counsel, and *Frank C. Mc-
Cann,* Assistant Corporation Counsel, for the peo-
ple.

*Francis K. Young,* for defendant.

WIEST, C. J. An ordinance of the city of Dear-
born penalizes the use of indecent, insulting, and
immoral language.

Defendant was arrested upon a complaint, charging that, on November 6, 1929, in the city of Dearborn, she "was then and there a disorderly person in this that she, the said Sophie Ballots, did then and there use indecent, immoral, profane, obscene and insulting language to this complainant." In the justice's court she was convicted, an appeal was taken, and in the circuit court the complaint was quashed on the ground that it did not sufficiently inform the accused of the charge upon which she was to be tried. The people seek review by writ of error.

At the argument we requested counsel to brief the question of whether review by writ of error can be had by the people in this case. Without statutory authorization the people cannot review a criminal case by writ of error.

Section 12, chap. 10, Act No. 175, Pub. Acts 1927, commonly known as the code of criminal procedure, provides:

"A writ of error may be taken by and on behalf of the people of the State of Michigan in accordance with the provisions of this act in the following instances:

"(a) From a decision or judgment quashing or setting aside any indictment where such decision or judgment is based upon the invalidity or construction of the statute upon which such indictment is founded;

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the statute upon which such indictment is founded."

Considering for the purposes of this case (but none other), that the term "statute" is inclusive of

municipal ordinances, does the mentioned statute authorize this review? No attack was made upon the validity of the ordinance; the attack was against the complaint because it did not sufficiently inform the accused of the offense charged. Clearly, review by the people in this case does not come within the mentioned statute, for decision in the circuit court was not based upon the invalidity or construction of the ordinance upon which the complaint was founded.

We have no jurisdiction. The writ of error is dismissed.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.