JACKSON COUNTY PROSECUTOR v COURT OF APPEALS

Docket No. 57199. Decided August 19, 1975.

> The Jackson County Prosecutor brought a complaint for an order of superintending control to compel the Court of Appeals to docket, as an appeal of right, his appeal from an order of the circuit court quashing an information. Order granted.

APPEAL AND ERROR—CRIMINAL LAW—QUASHING OF INFORMATION—
FINAL ORDER.

> An order of the circuit court quashing an information on the ground that the statute under which the accused was charged is constitutionally defective is a final pretrial decision appealable by the prosecution as of right to the Court of Appeals (MCL 600.308, 600.309).

> *People v Martin,* 59 Mich App 471; 229 NW2d 809 (1975), overruled.

*James M. Justin,* Assistant Prosecuting Attorney, for plaintiff.

*Jack L. Borst* for defendant.

MEMORANDUM OPINION. Richard Walter Stanton was charged with violating a state law proscribing the possession of certain instruments by prison inmates. MCLA 800.283; MSA 28.1623. A circuit judge quashed the information filed against Stanton on grounds the statute under which he was charged was "too broad" and thus was constitutionally defective.

The prosecution sought an appeal to the Court of Appeals as of right by filing a claim of appeal.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 928.

The prosecution's appeal was returned, unfiled, with a letter from a Court of Appeals Assistant Clerk citing *People v Martin,* 59 Mich App 471; 229 NW2d 809 (1975).

The prosecution now seeks superintending control from this Court. Under GCR 1963, 862.5, we grant superintending control and order the Court of Appeals to docket the prosecutor's appeal in the Richard Walter Stanton case on the basis of the proper filing, by the prosecution, of the claim of appeal.

The act of the circuit court in quashing the information in this case was a final pretrial decision of the circuit court, MCLA 600.308; MSA 27A.308, which shall be appealable as of right to the Court of Appeals, MCLA 600.309; MSA 27A.309.

In so holding, this Court expressly overrules the holding to the contrary in *People v Martin, supra.*

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.