PEOPLE v COOKE

PEOPLE v ROBINSON

Docket Nos. 68974, 69972. Argued June 8, 1983 (Calendar No. 12) *(Cooke),* (Calendar No. 13) *(Robinson).*—Decided September 18, 1984.

Arlington Cooke was charged with burning insured property. After a jury found him guilty, the Alpena Circuit Court, Joseph P. Swallow, J., directed entry of a verdict of acquittal, finding that there was sufficient evidence of a burning, but insufficient evidence that the defendant had wilfully burned the property. The Court of Appeals, Allen, P.J., and M. J. Kelly and J. J. Kelley, JJ., dismissed an appeal by the people on the ground that it did not have jurisdiction to hear it (Docket No. 51500). The people appeal.

Jerry Robinson was charged with delivery of a controlled substance. The defendant waived a jury trial and offered no proofs in his defense. Upon the close of proofs, the Hillsdale Circuit Court, Harvey W. Moes, J., dismissed the charge on the ground that the defendant had been entrapped. The Court of Appeals, Allen, P.J., and Falahee, J. (Cynar, J., concurring in the result only), dismissed the appeal on the ground that it did not have jurisdiction to hear it (Docket No. 59199). The people appeal.

In *People v Cooke,* in an opinion by Justice Levin, joined by Chief Justice Williams and Justices Kavanagh, Ryan, Brickley, and Cavanagh, the Supreme Court *held:*

The people may not appeal an order directing a verdict of acquittal made after a defendant has been put in jeopardy.

1. The people may appeal the result in a criminal case only to the extent provided by the Code of Criminal Procedure. Under the code, the people may appeal from a decision or judgment sustaining a special plea in bar when a defendant has

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 4 Am Jur 2d, Appeal and Error § 268.
    21 Am Jur 2d, Criminal Law §§ 319, 320.
[2, 4, 5] 4 Am Jur 2d, Appeal and Error § 11.
[4] 5 Am Jur 2d, Appeal and Error § 883.
[5] 4 Am Jur 2d, Appeal and Error § 162.

*not* been put in jeopardy. The defendant was put in jeopardy when the jury was sworn.

2. The provision of the Revised Judicature Act that the Court of Appeals has jurisdiction of appeals from all final judgments of a circuit court does not supersede the limitation on appeals by the people provided in the Code of Criminal Procedure. The revision and re-enactment of that limitation after the Supreme Court had decided that it had been superseded by the newer provisions of the Revised Judicature Act evidence the intent of the Legislature to limit the right of the people to appeal in criminal cases. Whether the Legislature was aware of contrary construction of the code and the act by the Supreme Court is of no significance. The Legislature has the power under the constitution to prescribe the jurisdiction of the Court of Appeals, and by revising and re-enacting the limitations on appeals in the Code of Criminal Procedure it has indicated its intention that there be limitations on the people's right to appeal.

In *People v Robinson,* in an opinion by Justice Levin, joined by Chief Justice Williams and Justices Kavanagh, Ryan, Brickley, and Cavanagh, the Supreme Court *held:*

The people may not appeal an order of acquittal made after jeopardy has attached in a bench trial.

As the Court held in *People v Cooke,* the people may appeal the result in a criminal case only to the extent provided by the Code of Criminal Procedure. Under the code, the people may appeal when a defendant has *not* been put in jeopardy. In a bench trial, jeopardy attaches when the prosecution calls its first witness.

Affirmed.

Justice Boyle dissented in both cases. The Court of Appeals has jurisdiction to hear appeals by prosecuting attorneys in criminal cases as provided by the constitution, the Revised Judicature Act, and the General Court Rules. The Supreme Court has interpreted the jurisdiction of the Court of Appeals conferred in the Revised Judicature Act to include appeals by prosecuting attorneys in matters such as those raised in this case. Amendments of the section of the Code of Criminal Procedure concerning appeals by the people that had the express purposes of limiting a defendant's right to post-conviction bail and of providing for an expedited appeal for those not admitted to bail were not intended to restrict the authority of the Supreme Court to promulgate and implement rules governing appellate practice and procedure or to resurrect limitations on the people's right of appeal that had been rejected by the Court. The legislative history of the amendments shows that

they were regarded as technical amendments which made the statutes consistent with one another and restated current law and practice. The current state of the law at that time accorded the people a broad right of appeal. There is no basis for concluding that the Legislature intended to alter that right by its technical amendments. Furthermore, those amendments are not the latest expression of legislative intent. The section of the Revised Judicature Act stating the jurisdiction of the Court of Appeals was amended later, in 1981. This section provides an independent basis for jurisdiction in the Court of Appeals to hear appeals brought by the people. If the provisions of the Code of Criminal Procedure conflict with it irreconcilably, it should prevail as being the last enacted. However, the Court has already determined that the section of the Code of Criminal Procedure concerning appeals by the people, if anything, is a grant of jurisdiction with respect to certain matters, and there is no basis for interpreting its more specific provisions as precluding an independent basis for appellate jurisdiction in another more recent statutory provision. Neither of these defendants would suffer a double-jeopardy injury if the people were to prevail, and there is no constitutional or statutory bar to either appeal.

113 Mich App 272; 317 NW2d 594 (1982) affirmed.

118 Mich App 220; 324 NW2d 795 (1982) affirmed.

OPINION OF THE COURT

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — APPEAL.

The people may not appeal an order directing a verdict of acquittal made after a defendant has been put in jeopardy (MCL 770.12; MSA 28.1109).

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — COURT OF APPEALS — JURISDICTION.

The provision of the Revised Judicature Act that the Court of Appeals has jurisdiction of appeals from all final judgments of a circuit court does not supersede the limitation on appeals by the people provided in the Code of Criminal Procedure to cases in which the defendant has not been put in jeopardy, which was revised and re-enacted after the Supreme Court had decided that its earlier form had been so superseded (MCL 600.308, 770.12; MSA 27A.308, 28.1109).

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — APPEAL.

The people may not appeal an order of acquittal made after a

defendant has been put in jeopardy (MCL 770.12; MSA 28.1109).

### DISSENTING OPINION BY BOYLE, J.

4. APPEAL — CRIMINAL LAW — PROSECUTING ATTORNEYS.

The Court of Appeals has jurisdiction to hear appeals by prosecuting attorneys in criminal cases as provided by the constitution, the Revised Judicature Act, and the court rules, notwithstanding the enumeration in the Code of Criminal Procedure of certain cases in which the people may have an appeal; that jurisdiction includes an appeal from a directed verdict of acquittal for insufficiency of the evidence after the jury has returned a verdict of guilty (Const 1963, art 6, § 10; MCL 600.308, 770.12; MSA 27A.308, 28.1109; GCR 1963, 806.2[2]).

5. APPEAL — CRIMINAL LAW — PROSECUTING ATTORNEYS — COURT OF APPEALS — JURISDICTION.

The provision of the Revised Judicature Act that the Court of Appeals has jurisdiction of appeals from all final judgments of a circuit court is not superseded by the section of the Code of Criminal Procedure which enumerates certain cases in which the people may have an appeal and provides for post-conviction bail; the amendment of that section of the code by addition of a cross-reference to a new bail section was not intended to restrict the authority of the Supreme Court to promulgate and implement rules governing appellate practice and procedure or to resurrect limitations on the people's right of appeal that had been rejected by the Court (MCL 600.308, 770.12; MSA 27A.308, 28.1109).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General; and *Theodore O. Johnson*, Prosecuting Attorney, and *Michael A. Nickerson*, Assistant Attorney General, for the people in *Cooke*; and *Michael R. Smith*, Prosecuting Attorney, and *Leonard J. Malinowski*, Assistant Attorney General, for the people in *Robinson*.

State Appellate Defender (by *P. E. Bennett*) for the defendant in *Cooke*.

*Stross & Marks, P.C.* (by *James O. Marks*), for the defendant in *Robinson.*

## PEOPLE v COOKE

LEVIN, J. The question presented is whether the people may appeal from an order acquitting a defendant on the basis of insufficiency of the evidence entered after a jury has returned a verdict of guilty. We agree with the Court of Appeals that § 12 of the Code of Criminal Procedure[1] does not authorize an appeal from an order of acquittal made after the defendant has been put in jeopardy,[2] and affirm the decision of the Court of Appeals[3] dismissing the people's appeal.

## I

Arlington Cooke was charged with burning insured property.[4] At the conclusion of the people's proofs, Cooke moved for a directed verdict. The judge denied the motion, but suggested that Cooke might renew it after the jury had returned a verdict. The jury found Cooke guilty, and he renewed the motion. The judge granted the motion, finding that there was sufficient evidence of an incendiary burning, but insufficient evidence that Cooke had wilfully burned the property.

## II

The constitution secures to a defendant in a criminal case a right of appeal, but does not

[1] MCL 770.12; MSA 28.1109. For the language of that provision, see fn 8.

[2] Cooke was put in jeopardy when the jury was sworn. *Crist v Bretz,* 437 US 28, 38; 98 S Ct 2156; 57 L Ed 2d 24 (1978); *United States v Martin Linen Supply Co,* 430 US 564, 569; 97 S Ct 1349; 51 L Ed 2d 642 (1977).

[3] *People v Cooke,* 113 Mich App 272; 317 NW2d 594 (1982).

[4] MCL 750.75; MSA 28.270.

provide for an appeal by the people.[5] The people may appeal only to the extent provided by statute.[6]

Section 308 of the Revised Judicature Act provides that the Court of Appeals has jurisdiction of appeals from all final judgments of a circuit court.[7]

---

[5] Const 1963, art 1, § 20.

[6] *People v Ballots,* 252 Mich 282, 283; 233 NW 229 (1930). See also *Arizona v Manypenny,* 451 US 232, 245-246; 101 S Ct 1657; 68 L Ed 2d 58 (1981) ("'"[I]n the federal jurisprudence, at least, appeals by the Government in criminal cases are something unusual, exceptional, not favored."' * * * This federal policy has deep roots in the common law, for it was generally understood, at least in this country, that the sovereign had no right to appeal an adverse criminal judgment unless expressly authorized by statute to do so. Accordingly, from the early days of the Republic, most state courts refused to consider appeals by prosecutors who lacked the requisite statutory authority.") *United States v Wilson,* 420 US 332, 336; 95 S Ct 1013; 43 L Ed 2d 232 (1975) ("This Court early held that the Government could not take an appeal in a criminal case without express statutory authority. *United States v Sanges,* 144 US 310, 318, 322-323; 12 S Ct 609; 36 L Ed 445 (1892). Not reaching the underlying constitutional issue, the Court held only that the general appeals provisions of the Judiciary Act of 1891, 26 Stat 827, 828, were not sufficiently explicit to overcome the common-law rule that the State could not sue out a writ of error in a criminal case unless the legislature had expressly granted that right.")

[7] At the time *People v Blachura,* 390 Mich 326; 212 NW2d 182 (1973) and *People v Pummer,* 399 Mich 326; 249 NW2d 78 (1976) were decided, § 308 of the Revised Judicature Act provided as follows:

"The court of appeals has jurisdiction on appeals from:

"(1) All final judgments from the circuit courts, court of claims, and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court. Appeals from final judgments from all other courts and from convictions for ordinance violations in the traffic and ordinance division of recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the court of appeals.

"(2) Such other judgments or interlocutory orders as the supreme court may by rule determine." MCL 600.308; MSA 27A.308.

In 1981, § 308 was amended to read as follows:

"Sec. 308. (1) The court of appeals has jurisdiction on appeals from the following orders and judgments which shall be appealable as a matter of right:

"(a) All final judgments from the circuit court, court of claims, and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court.

"(b) Those orders of the probate court from which an appeal as of right may be taken under section 861.

"(2) The court of appeals has jurisdiction on appeal from the

Section 12, ch X, of the Code of Criminal Procedure provides, however, that the people may appeal only from a decision based on the invalidity or construction of a statute or "a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy".[8] Relying on this Court's opinions in *People v Bla-*

following orders and judgments which shall be reviewable only upon application for leave to appeal granted by the court of appeals:

"(a) A final judgment or order made by the circuit court under any of the following circumstances:

"(i) In an appeal from an order, sentence, or judgment of the probate court under section 863(1) and (2).

"(ii) In an appeal from a final judgment or order of the district court appealed to the circuit court under section 8342.

"(iii) An appeal from a final judgment or order of a municipal court.

"(iv) In an appeal from an ordinance violation conviction in the traffic and ordinance division of recorder's court of the city of Detroit if the conviction occurred before September 1, 1981.

"(b) An order, sentence, or judgment of the probate court if the probate court certifies the issue or issues under section 863(3).

"(c) A final judgment or order made by the recorder's court of the city of Detroit in an appeal from the district court in the thirty-sixth district pursuant to section 8342(2).

"(d) Such other judgments or interlocutory orders as the supreme court may by rule determine." 1981 PA 206.

[8] Section 12 of Chapter X of the Code of Criminal Procedure provides as follows:

"(1) An appeal may be taken by and on behalf of the people of this state from a court of record in all criminal cases, in any of the following instances:

"(a) From a decision or judgment quashing or setting aside an indictment, information, or other charging instrument, or a count thereof, where that decision or judgment is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, information, or other charging instrument, where the decision is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

"(c) *From a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy,* or from another order of the court relative to admission of evidence or proceedings had or made before the defendant is put in jeopardy.

"(2) The right of the defendant to bail upon appeal under this section shall be governed by section 9a of this chapter and section 7 of chapter 5." (Emphasis added.) MCL 770.12; MSA 28.1109.

*chura,* 390 Mich 326; 212 NW2d 182 (1973), and *People v Pummer,* 399 Mich 326; 249 NW2d 78 (1976), the people contend that § 308 of the Revised Judicature Act provides the people with an appeal of right from all final judgments of the circuit court, and that § 308 supersedes the limitations on prosecutor appeals set forth in the Code of Criminal Procedure. Cooke counters that the Legislature re-enacted the limitations in § 12 of the Code of Criminal Procedure after this Court's decisions in *Blachura* and *Pummer,* and that legislative reaffirmation of those limitations supersedes those decisions.

A review of the history of these statutory provisions and the case law persuades us that the Court of Appeals correctly dismissed the appeal because the people do not have a right to appeal outside of the express provisions of the Code of Criminal Procedure. By re-enacting the limiting provisions of § 12 of the Code of Criminal Procedure, the Legislature has evinced its intention that appeals by the people be allowed only in the specific instances set forth in the statute. Because this is not one of those instances, the Court of Appeals is without jurisdiction to hear this appeal by the people.

A

The Legislature first provided for access by the people to the appellate process in 1917 by enacting that a "writ of error" might be taken to this Court from certain orders "based upon the invalidity or construction of [a] statute".[9] That language was incorporated into the Code of Criminal Procedure

---

[9] 1917 PA 159.

in 1927 and amended in 1941 to provide for somewhat broader rights of appeal.[10]

The 1963 Constitution established the Court of Appeals and provided that "[t]he jurisdiction of the court of appeals shall be provided by law".[11] Pursuant to the constitution, the Legislature enacted § 308 of the Revised Judicature Act.

In *Blachura, supra,* this Court held that the people could appeal to the Court of Appeals from an order of the trial court granting a defendant in a criminal case a new trial. Noting that § 12 "was last amended in 1942, long before the new constitution established the Court of Appeals and therein directed that its jurisdiction be established by law", the Court stated that "[i]t cannot logically be said that [§ 12] is the answer to the constitutional directive to establish, by law, jurisdiction of the Court of Appeals". *Id.,* pp 334-335.[12] Because § 12 of the Code of Criminal Procedure was "addressed to old writs of error coming before the

[10] 1941 PA 132, MCL 770.12; MSA 28.1109.

[11] Const 1963, art 6, § 10.

[12] At the time of the *Blachura* decision, § 12 read as follows:

"Sec. 12. *A writ of error* may be taken by and on behalf of the people of the state of Michigan *from any court of record in said state direct to the supreme court* thereof, in all criminal cases, in the following instances, to wit:

"(a) From a decision or judgment quashing or setting aside any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(c) From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy, or from any other order of the court relative to admission of evidence or proceedings had or made at any time before the defendant is put in jeopardy.

"The right of the defendant to bail upon issuance of *a writ of error* under the provisions of this section shall be governed by the provisions of chapter 5 of this act." (Emphasis added.)

Supreme Court", "deal[t] with a now obsolete court structure and us[ed] terms of art alien to modern practitioners", the Court concluded that § 308 of the Revised Judicature Act had superseded the limiting provisions of § 12 of the Code of Criminal Procedure. *Id.,* pp 335, 337.[13]

This Court again addressed the scope of the people's right to appeal in *People v Pummer, supra,* p 331,[14] and said that "in light of *Blachura* and *Jackson County Prosecutor [v Court of Appeals,* 394 Mich 527; 232 NW2d 172 (1975)], there should remain little question that appeals by the prosecutor, like those of all other litigants, are governed by" § 308 of the Revised Judicature Act and rules formulated by this Court.[15]

### B

After *Blachura* and *Pummer,* the Legislature, in 1977, revised and re-enacted § 12 of the Code of Criminal Procedure.[16] By substituting "[a]n appeal" for "[a] writ of error" and deleting "in said state direct to the supreme court thereof" following "court of record" in the introductory paragraph, the amendment eliminated the outdated language discussed in *Blachura.* The statute no longer dealt with an obsolete court structure, and

---

[13] Three justices disagreed with the majority's conclusion.

[14] The Court also dealt with the prosecutor's right to appeal in *Jackson County Prosecutor v Court of Appeals,* 394 Mich 527; 232 NW2d 172 (1975). In a memorandum decision, the Court held that a pretrial order quashing an information on grounds that the statute was invalid was appealable as of right to the Court of Appeals under § 309 of the Revised Judicature Act, MCL 600.309; MSA 27A.309. Because the appeal was specifically permitted by § 12, MCL 770.12(1)(a); MSA 28.1109(1)(a), it presented no conflict with that provision.

[15] Two justices dissented, arguing that § 12 governed appeals by the people.

[16] 1977 PA 34.

it employed only those terms of art familiar to current practitioners.

The Legislature's intent that appeals by the people be governed by the specific provisions of § 12 of the Code of Criminal Procedure rather than by § 308 of the Revised Judicature Act is also demonstrated by its subsequent amendment, in 1980, of § 3 of the same part of the Code of Criminal Procedure.[17] Before the amendments to § 12, § 3 provided that "[w]rits of error in criminal cases shall issue only in the discretion of the supreme court or any justice thereof, on proper application therefor". 1980 PA 506 amended § 3 to begin *"[s]ubject to the limitations imposed by section 12* of this chapter, an aggrieved party shall have a right of appeal from a final judgment or trial order as follows". (Emphasis supplied.) Section 3 then goes on to provide the time period for filing a claim of appeal in criminal cases, thus establishing necessary "details" of the appellate process.

The people contend that the Legislature inadvertently revised § 3 and § 12 without being aware of the *Blachura* and *Pummer* decisions. It is of no significance, however, whether the Legislature was or was not aware of this Court's decisions in *Blachura* or *Pummer*. The Legislature, not this Court, has the power under the constitution to prescribe the jurisdiction of the Court of Appeals. By re-enacting § 12 and revising § 3, the Legislature indicated its intention that there be the limitations on the people's right to appeal set forth in § 12. Neither the Legislature's ignorance of a contrary construction by this Court of § 308 and § 12 nor the 1981 amendment of § 308[18] gainsays the

---

[17] MCL 770.3; MSA 28.1100.

[18] 1981 PA 206. See fn 7 for text.

clear legislative statement that § 12 is viable. It is no longer open to this Court to say that the Legislature intended that § 308 supersede § 12. Section 12 must be given meaning and be enforced.

## C

The people's argument that § 12 does not limit the people's right to appeal because it does not contain express words of limitation is not persuasive. First, § 3 refers to the "limitations imposed by section 12", indicating that the Legislature intended the circumstances set forth in § 12 to be exclusive. Second, the language of § 12 is almost identical to that of the Federal Criminal Appeals Act before Congress amended that act in 1970;[19]

[19] Before its revision by PL 91-644 in 1971, 18 USC 3731 provided as follows:

"§ 3731. Appeal by United States.

"An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment or information is founded.

"From a decision arresting a judgment of conviction for insufficiency of the indictment or information, where such decision is based upon the invalidity or construction of the statute upon which the indictment or information is founded.

"From the decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy.

"An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section.

"From a decision arresting a judgment of conviction except where a direct appeal to the Supreme Court of the United States is provided by this section.

"From an order, granting a motion for return of seized property or

the United States Supreme Court held that the earlier version of the act precluded the government from appealing under circumstances virtually identical to those of the instant case.[20] *United States v Sisson,* 399 US 267; 90 S Ct 2117; 26 L Ed 2d 608 (1970). Third, and perhaps most important, if the people's argument prevails, § 12 would be rendered meaningless.[21]

---

a motion to suppress evidence, made before the trial of a person charged with a violation of any law of the United States, if the United States attorney certifies to the judge who granted such motion that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of the charge pending against the defendant.

"The appeal in all such cases shall be taken within thirty days after the decision or judgment has been rendered and shall be diligently prosecuted.

"Pending the prosecution and determination of the appeal in the foregoing instances, the defendant shall be released in accordance with chapter 207 of this title.

"If an appeal shall be taken, pursuant to this section, to the Supreme Court of the United States which, in the opinion of that Court, should have been taken to a court of appeals, the Supreme Court shall remand the case to the court of appeals, which shall then have jurisdiction to hear and determine the same as if the appeal had been taken to that court in the first instance.

"If an appeal shall be taken pursuant to this section to any court of appeals which, in the opinion of such court, should have been taken directly to the Supreme Court of the United States, such court shall certify the case to the Supreme Court of the United States, which shall thereupon have jurisdiction to hear and determine the case to the same extent as if an appeal had been taken directly to that Court."

[20] In 1971, Congress removed all statutory barriers to appeals by the government in federal criminal cases. The Federal Criminal Appeals Act now allows appeals whenever constitutionally permitted. 18 USC 3731. The project of the American Bar Association on Standards for Criminal Justice has recommended that the government be allowed to appeal only on grounds similar to those allowed by § 12. ABA Standards for Criminal Justice, Criminal Appeals, Standard 21-1.4, pp 21.17 to 21.20. The ABA standards would not permit appeals under the instant circumstances of a post-guilty-verdict directed verdict of acquittal. *Id.,* pp 21.19 to 21.20.

[21] The construction of § 12 in this opinion will not render § 308 of the Revised Judicature Act meaningless because § 308 unquestionably governs appeals in civil cases.

D

Read as a statute providing for appeal only in limited circumstances, § 12 does not authorize an appeal by the people in this case. The only provision of § 12 that might apply to the instant appeal is the provision that allows appeals "from a decision or judgment sustaining a special plea in bar, when the defendant has *not* been put in jeopardy". Because the defendant was put in jeopardy in this case,[22] § 12 does not permit the people's appeal.

*Blachura, Pummer,* and *Jackson County Prosecutor,* to the extent that they can be read as authorizing an appeal by the people except as provided for in § 12, shall be deemed to be overruled.

We affirm.

WILLIAMS, C.J., and KAVANAGH, RYAN, BRICKLEY, and CAVANAGH, JJ., concurred with LEVIN, J.

PEOPLE v ROBINSON

LEVIN, J. In *People v Cooke, ante,* p 424, this Court held that the people may only appeal subject to the limitations of § 12 of Chapter X of the Code of Criminal Procedure.[1] That decision governs decision in the instant case.

I

Jerry Robinson was charged with delivery of LSD.[2] He waived a jury trial. The people presented their proofs. Robinson chose to present none, and the proofs were closed. Finding that Robinson had

---

[22] See fn 2.

[1] MCL 770.12; MSA 28.1109.

[2] MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b).

been entrapped, the judge ordered the case dismissed and Robinson discharged. The Court of Appeals dismissed the people's appeal on jurisdictional grounds, holding that the people may only appeal in the limited circumstances enumerated in § 12 and that § 12 does not authorize an appeal from an acquittal after jeopardy has attached.[3] 118 Mich App 220; 324 NW2d 795 (1982).

## II

This Court addressed the question whether a prosecutor has a right to appeal outside of the express provisions of § 12 in *People v Cooke, supra.* We held that the people may appeal only in the circumstances provided in § 12. Applying that holding to this case, we conclude that the Court of Appeals was correct in dismissing the prosecutor's appeal. Section 12 does not authorize an appeal from an acquittal after jeopardy has attached.[4] Because we affirm the Court of Appeals on statutory grounds, we need not reach the double jeopardy question discussed in the briefs.

Affirmed.

WILLIAMS, C.J., and KAVANAGH, RYAN, BRICKLEY, and CAVANAGH, JJ., concurred with LEVIN, J.

BOYLE, J. *(dissenting in both cases).* The prosecution argues that the jurisdiction of the Court of Appeals to hear prosecutorial appeals is governed by Const 1963, art 6, § 10; MCL 600.308; MSA

[3] In a bench trial, jeopardy attaches at the time the prosecution calls its first witness. *Serfass v United States,* 420 US 377; 95 S Ct 1055; 43 L Ed 2d 265 (1975).

[4] The court rules and case law generally require that "pretrial motions" be heard and decided before the trial commences. A prosecutor may properly insist thereon to preserve his right of appeal from an adverse ruling.

27A.308 (RJA § 308), and GCR 1963, 806.2(2), notwithstanding the provisions of MCL 770.12; MSA 28.1109. I agree.

It is clear that this Court has judicially interpreted the jurisdiction of the Michigan Court of Appeals to include appeals by prosecuting attorneys in matters such as those raised in the instant case. See, *e.g., People v Pummer,* 399 Mich 326; 249 NW2d 78 (1976); *People v Blachura,* 390 Mich 326; 212 NW2d 182 (1973). These decisions recognized that "there should remain little question that appeals by the prosecutor, like those of all other litigants, are governed by MCL 600.308; MSA 27A.308, and rules formulated by our Court". *People v Pummer, supra,* p 331.

I reject the argument that the legislative revision of either MCL 770.12; MSA 28.1109, effectuated by 1977 PA 34, or MCL 770.3; MSA 28.1100, effectuated by 1980 PA 506, was intended to restrict the authority of this Court to promulgate and implement rules governing appellate practice and procedure for Michigan courts, or to resurrect limitations on the people's right of appeal previously rejected by this Court.

The 1977 amendments of the Code of Criminal Procedure were part of a legislative effort to limit the right to post-conviction bond. In response to several "[w]ell publicized incidents in which a person convicted of a violent crime commit[ted] another serious crime while out on bail during appeal",[1] § 9a was added for the expressed pur-

[1] House Legislative Analysis Section Bill Analysis—HB 4024, May 5, 1977.

See also Department of State Police Bill Analysis—HB 4024, from George L. Halverson, director, to Governor William G. Milliken, March 10, 1977, which stated:

"It is becoming quite common for defendants to commit crimes while on bond, perhaps the rationale behind these acts is that they have little to lose and much to gain monetarily. An example of this is

poses of denying post-conviction bail to "defendants who have been convicted of an assaultive felony, unless the court finds by clear and convincing evidence that these defendants are unlikely to pose a danger to others" and providing "for an expedited appeal of those defendants not admitted to bond".[2]

The addition of § 9a to the statutory scheme necessitated amendment of other bail statutes to achieve conformity. Thus, § 12, which granted a right to bail upon appeal of the state, was amended to include reference to § 9a. The only other changes involved perfunctory substitution of "appeal" for the obsolete term "writ of error" and deletion of reference to "the Supreme Court" and substitution of the phrase "the court to which the appeal is taken", in recognition of the creation of the Court of Appeals.

Interdepartmental legislative analyses indicate that the effect of the bail provisions was the exclusive focus of the 1977 amendments.[3] Examination of the legislative history of this act reveals that there was no discussion of effect upon the appellate rights of the people.[4] Indeed, the proposed bill was endorsed and supported by the Attorney General, the District Judges' Association Legislative Committee, the Michigan Sheriffs' Association, the

a bank robbery which occurred in Ypsilanti, during which a police officer was shot and killed. One of the perpetrators was apprehended the next day in court, where he was being tried on a concealed weapons charge."

[2] Department of Management and Budget, Office of Criminal Justice Programs Bill Analysis—HB 4024, from Noel C. Bufe to William G. Milliken, April 4, 1977. See also Department of Attorney General Bill Analysis—HB 4024, from Frank J. Kelley, Attorney General, to Executive Office, July 15, 1977.

[3] References to HB 4024 can be found at 1977 Journal of the House, pp 93, 109, 1041, 1059, 1091, 1518, 1527; 1977 Journal of the Senate, pp 670, 671, 802, 860, 871.

[4] See bill analyses referred to in fns 1 and 2.

Michigan State Bar, and the Michigan State Police.[5]

Analysis of legislative history also supports the argument that the 1980 amendment of MCL 770.3; MSA 28.1100 should not be interpreted as a legislative declaration of limitation upon the appellate rights of the people. The Michigan Law Revision Commission, in recommending the amendment, emphasized that the amendment merely "restates current law" and was intended to make "primarily technical changes" which included "remov[ing] references to abolished courts", deletion of "clearly unconstitutional provisions", "refining of current cross-references in the Code (see, *e.g.,* MCL 770.12)"[6] and updating "to take account of the current appellate structure", to make provisions on appeal "consistent with the Court Rules" governing appeals.[7] These documents reveal that the sponsors of the bill were emphatic that it was a "technical bill only" and that it was "not intended to" and indeed, "the representatives at the Legislature insisted that it *must not,* change * * * nor induce any procedural changes other than those required by presently existing legislation, court rules, and Supreme Court decisions, both Michigan and federal".[8] This technical revision was originally proposed in the 1975 annual report of the Michigan Law Revision Commission and was based on a committee draft prepared and included in its 1978 report. The "current state of the law" at those times accorded the people a broad right of appeal. There is simply no basis for concluding

[5] See bill analyses referred to in fns 1 and 2.

[6] House analysis of HB 5315, February 27, 1981, 1978 report.

[7] Michigan Law Revision Commission, 1978 Annual Report.

[8] Letter from the Honorable John T. Hammond, Chairperson, Criminal Law Section Council, to Michael Franck, Executive Director, State Bar of Michigan, dated March 24, 1980, re HB 5315.

that the Legislature intended to alter that right by its "technical amendments" to the Code of Criminal Procedure.[9]

The majority's reliance on the re-enactment of § 12 and revision of § 3 as indicative of legislative intention to limit the people's right to appeal is misplaced. The majority fails to recognize that the Legislature also amended, clarified, and re-enacted the broad statutory jurisdictional provisions of § 308 after its 1980 amendments to § 3. 1981 PA 206, § 1, effective June 1, 1982 (amending MCL 600.308; MSA 27A.308).[10] Like its predecessor, the 1981 version of § 308 contains no language even suggesting that there are any special limitations upon the appellate rights of the people.

Correct application of well-recognized principles of statutory construction supports the conclusion that MCL 600.308; MSA 27A.308 provides an *independent* basis for Court of Appeals jurisdiction to hear appeals brought by the people. These principles are summarized in *Pryber v Marriott Corp,* 98 Mich App 50, 56; 296 NW2d 597 (1980), which stated:

[9] It is also significant that the commission made extensive reference to MCL 600.308; MSA 27A.308 (RJA § 308) and the court rules, GCR 1963, 806.2(2) in its discussion of the law governing appeals in criminal cases. Michigan Law Revision Commission, Thirteenth Annual Report (1978).

"*Comment on Section 3 [770.3].* This provision restates current law governing appeals in criminal cases. MCL 770.3-770.7 spell out a procedure for review that has been inapplicable since the creation of a court of appeals in 1964. New section 3 will replace those provisions. Subsection 1(a) is taken from GCR 801.3, 803.1, 806.1. See also MCL 600.308(1). Subsection 1(b) is taken from GCR 701, 701.3(1). Subsection 1(c) merely makes a cross-reference to the provisions on appeal by trial de novo in Chapter 14. See also GCR 806. Subsection (2) follows GCR 801.3(2), 803.2, 806.2(5). See also MCL 600.308(2), 600.8342. Subsection (3) follows GCR 803.3, 701.2. Subsection (4) follows GCR 801.3(1). Subsection (5) also follows GCR 853. Subsection (5) provides a cross-reference to the Supreme Court Rules, evidencing the purpose of the amendment to incorporate the rule provisions." *Id.,* p 86.

[10] The full text of both the original and revised versions of this statute is set forth at fn 7 of the majority opinion.

"Statutes *in pari materia* are those which relate to the same thing or which have a common purpose. * * * Where two statutes are *in pari materia* and are in irreconcilable conflict, the one last enacted will control or be regarded as an exception to or qualification of the earlier statute."

The majority applied these principles correctly, but based its analysis upon the erroneous premise that the 1977 and 1980 amendments were the latest expression of legislative intent. If the provisions of §§ 3, 12, and 308 are construed to be *in pari materia* and in irreconcilable conflict, as the majority implies, then the last one enacted, the 1981 version of § 308, will control. However, this Court has already applied these principles to make the determination that MCL 770.12; MSA 28.1109, did not irreconcilably conflict with the more recently enacted MCL 600.308; MSA 27A.308. *People v Blachura, supra,* pp 334-335. Thus, under either interpretation, if MCL 770.12 does anything, it may represent a *grant* of jurisdiction with respect to certain matters. There is absolutely no basis for interpreting the more specific provisions of this previously enacted statute as precluding an *independent* basis for appellate jurisdiction in another more recent statutory provision.

I do not suggest that a prosecutor has a right to appeal where a defendant has been placed in jeopardy by the decision below, or where there is no "final judgment" from which to appeal under MCL 600.308; MSA 27A.308. However, neither of those limitations bar the appeals here at issue.

In *Robinson,* the appeal was taken from a mid-trial ruling dismissing the case on the basis of entrapment, an objective determination that public policy was offended by police instigation of the

offense. Defendant suffers no double jeopardy injury where he obtains, at his own request, a favorable ruling on an issue unrelated to factual guilt or innocence and the government is then permitted to appeal that ruling. *United States v Scott,* 437 US 82; 98 S Ct 2187; 57 L Ed 2d 65 (1977). In *Cooke,* the state sought to appeal a post-trial ruling on the sufficiency of evidence that resulted in overturning a guilty verdict rendered by a jury. Reversal of such a ruling on appeal would not require retrial and, therefore, would not subject the defendant to the risk of being placed twice in jeopardy. *United States v Wilson,* 420 US 332; 95 S Ct 1013; 43 L Ed 2d 232 (1975). Both judgments were final and, therefore, appealable under MCL 600.308; MSA 27A.308. Finding no statutory or constitutional bar to the bringing of these appeals, I would remand both cases to the Court of Appeals for consideration on the merits.