686 N.W.2d 488 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Roy Edward McCRAINE, Defendant-Appellant.
Docket No. 124958. COA: 251024.
Supreme Court of Michigan.
September 24, 2004.
Chief Justice CORRIGAN and Justices YOUNG and MARKMAN concur, and Justice WEAVER dissents, in statements below.
On order of the Court, the application for leave to appeal the October 22, 2003 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Grand Traverse Circuit Court for resentencing in light of People v. Kimble, 470 Mich. 305, 684 N.W.2d 669 (2004), as the court erred in *489 using the same sexual penetration in scoring OV 11 and OV 13.
We do not retain jurisdiction.
CORRIGAN, C.J., concurs and states as follows:
I concur in remanding for resentencing because the majority opinion in People v. Kimble, 470 Mich. 305, 684 N.W.2d 669 (2004), entitles defendant to this relief. Nonetheless, I write separately to emphasize my continued adherence to the views expressed by Justice Weaver in her dissenting opinion in Kimble.
The second sentence of M.C.L. § 769.34(10) provides:
A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.
As Justice Weaver's dissent in Kimble explained, this provision reflects that the Legislature intended that the Court of Appeals review only those scoring errors that were preserved "`at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.'" Id. at 317, 684 N.W.2d 669, quoting M.C.L. § 769.34(10). Despite this plain language, the Kimble majority held that this provision did not apply where a sentence falls outside the appropriate guidelines range.
In light of the holding in Kimble, the Legislature may wish to consider another means of effectuating its intent to preclude the Court of Appeals from reviewing unpreserved scoring errors. For example, the Legislature could prescribe that the Court of Appeals lacks jurisdiction to review scoring errors that were not preserved in one of the required ways, regardless of whether the sentence falls within the appropriate guidelines range.[1] Such a jurisdictional provision would seem to fall within the Legislature's authority. See Const. 1963, art. 6, § 10; People v. Bulger, 462 Mich. 495, 509, 614 N.W.2d 103 (2000) ("`[t]he Legislature, not this Court, has the power under the constitution to prescribe the jurisdiction of the Court of Appeals'") (quoting People v. Cooke, 419 Mich. 420, 430, 355 N.W.2d 88 (1984)).[2]
YOUNG, J., joins the statement of CORRIGAN, C.J.
MARKMAN, J. concurs in the decision to remand and states as follows:
I join in this Court's decision to remand this case to the circuit court for resentencing in light of People v. Kimble, 470 Mich. 305, 684 N.W.2d 669 (2004). I write separately to respond to Chief Justice Corrigan's concurring statement, in which she restates her criticism of the majority's decision *490 in Kimble and urges the Legislature to enact legislation that would preclude the Court of Appeals from reviewing unpreserved scoring errors.
First, I continue to believe that Kimble was decided correctly. M.C.L. § 769.34(10) provides:
If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.
When § 34(10) is read in its entirety, it is clear that the Legislature intended unpreserved scoring errors to be reviewable on appeal if the error has resulted in a sentence that is outside the appropriate guidelines sentence range. Kimble, supra at 310-311, 684 N.W.2d 669.
Second, with regard to the Chief Justice's recommendation to the Legislature, I respectfully, but strongly, disagree. In my judgment, the Legislature should not enact legislation that would preclude the Court of Appeals from reviewing unpreserved scoring errors. Unpreserved sentencing errors should be reviewable for plain error just as unpreserved nonsentencing errors are reviewable for plain error. An individual should not remain incarcerated for years beyond what the law allows  for years beyond what the Legislature itself in its guidelines has determined to constitute appropriate punishment for a crime  simply because he failed to properly preserve a scoring error.
Further, I am not as certain as Chief Justice Corrigan that, in light of MCR 6.429(C), such legislation would "fall within the Legislature's authority." See People v. McGuffey, 251 Mich.App. 155, 165-166, 649 N.W.2d 801 (2002), which concluded that the preservation of scoring errors is a matter of "practice and procedure," and McDougall v. Schanz, 461 Mich. 15, 597 N.W.2d 148 (1999), which concluded that this Court has exclusive authority over matters of practice and procedure. Const. 1963, art. 6, § 5.
WEAVER, J., states as follows:
I would deny leave to appeal and not remand this case to the circuit court for resentencing because defendant did not preserve the scoring error at issue. I would hold that the plain language of MCL 769.34(10) requires that a defendant preserve a scoring error, as I previously explained in my dissent in People v. Kimble, 470 Mich. 305, 684 N.W.2d 669 (2004).
NOTES
[1] I take no position regarding whether, as a policy matter, the Legislature should preclude the Court of Appeals from reviewing unpreserved scoring errors. I simply observe that, in light of Kimble, the Legislature would probably need to rely on its constitutional authority to prescribe the jurisdiction of the Court of Appeals if it wished to preclude such review.
[2] Justice Markman questions the Legislature's authority to enact such a provision. But this Court has recognized the Legislature's constitutional prerogative to prescribe the jurisdiction of the Court of Appeals under Const. 1963, art. 6, § 10. See Bulger, supra; Cooke, supra.