WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

Docket No. 83326. Submitted January 16, 1986, at Detroit. Decided May 6, 1986.

Prentis W. Wilson waived his right to a jury trial and, following a bench trial in Recorder's Court of Detroit, Clarence L. Laster, Jr., J., was convicted of voluntary manslaughter and felony-firearm. Wilson appealed. The Court of Appeals granted Wilson's motion to remand the matter to the trial court for a motion for a new trial. Docket No. 65959, order of October 11, 1982. On remand, the trial court, Samuel C. Gardner, J., granted the motion for a new trial, basing his decision on the belief that the endorsement of newly discovered witnesses during trial made the defendant's jury waiver a non-intelligent waiver which nullified the effect of that waiver and required a new trial. The Wayne County Prosecutor sought leave to appeal. The Court of Appeals peremptorily reversed the order granting a new trial. Docket No. 70522, order of May 6, 1983. Wilson sought leave to appeal to the Supreme Court. The Supreme Court vacated the order of the Court of Appeals in the prosecutor's appeal and remanded the case to the Recorder's Court of Detroit, holding that the Court of Appeals "did not have jurisdiction of the prosecutor's application for leave to appeal the grant of new trial." 421 Mich 851 (1985). The Wayne County Prosecutor then filed a complaint for superintending control over the Recorder's Court judge, alleging that the judge erred as a matter of law in granting the motion for a new trial. *Held:*

1. Where a trial court commits a clear error of law in granting a motion for a new trial, the Court of Appeals has

REFERENCES

Am Jur 2d, Criminal Law § 677.

Am Jur 2d, New Trial §§ 29 *et seq.,* 79 *et seq.,* 183 *et seq.*

Am Jur 2d, Trial § 30.

Substitution of judges under Rule 25 of Federal Rules of Criminal Procedure. 73 ALR Fed 833.

Adequacy of defense counsel's representation of criminal client regarding right to and incidents of jury trial. 3 ALR4th 601.

Appeal by state of order granting new trial in criminal case. 95 ALR3d 596.

jurisdiction to hear a prosecutor's complaint for superintending control in the nature of certiorari.

2. It was a clear error of law for the trial court to grant the motion for a new trial on the basis that newly discovered witnesses were endorsed during trial, since such endorsement of witnesses did not nullify the defendant's waiver of a jury trial where, as here, there was no prejudice to defendant.

The order granting a new trial is vacated and Wilson's conviction is reinstated.

1. SUPERINTENDING CONTROL — COURT OF APPEALS.

The Court of Appeals is vested with jurisdiction to issue, to inferior tribunals, orders of superintending control that are in the nature of mandamus, prohibition and certiorari (MCL 600.310; MSA 27A.310; GCR 1963, 711, now MCR 3.302).

2. SUPERINTENDING CONTROL — CERTIORARI.

The scope of review pursuant to a writ of certiorari historically was limited to determining whether the inferior tribunal, upon the record made, had jurisdiction, whether the inferior tribunal exceeded that jurisdiction, and whether the inferior tribunal proceeded according to the law.

3. SUPERINTENDING CONTROL — ADEQUATE REMEDY.

Superintending control is appropriate where no other remedy is available (MCR 3.302).

4. CRIMINAL LAW — SUPERINTENDING CONTROL — APPEAL — PROSECUTORS.

The fact that the state may not appeal in a criminal case does not preclude the Court of Appeals from issuing a writ of superintending control in the nature of certiorari.

5. CRIMINAL LAW — SUPERINTENDING CONTROL — NEW TRIAL.

Superintending control is properly brought by the state to review the granting by a trial court of a new trial following a criminal conviction where the challenge to the trial court's decision is based upon the claim that the trial court clearly erred as a matter of law.

6. CRIMINAL LAW — WAIVER OF JURY TRIAL — NEWLY DISCOVERED WITNESSES.

A waiver by a criminal defendant of his right to a jury trial is not automatically nullified every time new evidence is discovered or a new witness is endorsed during the course of his trial; accordingly, it is clear error for a trial court to grant a new trial on the basis that the late endorsement of a witness

nullified a defendant's prior waiver of a jury trial where the defendant was not prejudiced by the late endorsement of the witness.

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for plaintiff.

*Edison, Davis & Lumumba* (by *Chokwe Lumumba*), for Prentis W. Wilson.

Before: HOOD, P.J., and J. H. GILLIS and J. M. BATZER,* JJ.

PER CURIAM. In this case, the people have filed a complaint for superintending control seeking to have this Court reverse an order of Recorder's Court Judge Samuel C. Gardner which granted Prentis Wesley Wilson a new trial on the ground that his waiver of a jury trial may have been a non-intelligent waiver.

The first issue we address is whether this Court has the jurisdiction to review the lower court's order via a complaint for superintending control.

The procedural history is as follows: In a bench trial before Recorder's Court Judge Clarence L. Laster, Jr., on June 15, 1982, Prentis Wesley Wilson was found guilty of voluntary manslaughter, MCL 750.321; MSA 28.553, and felony-firearm, MCL 750.227b; MSA 28.424(2). Pursuant to Wilson's appeal as of right, this Court granted Wilson's request to remand the case to file a motion for new trial. On remand, Judge Gardner handled the case because of Judge Laster's death. In the court's opinion, "when new evidence was discovered during the trial, defendant's earlier waiver should be construed as not being fully informed."

* Circuit judge, sitting on the Court of Appeals by assignment.

Because of "the possibility of an unknown or nonintelligent waiver" the court was "constrained" to grant defendant's motion for new trial.

The prosecutor filed with this Court an application for leave to appeal Judge Gardner's order. This Court granted the prosecutor's application, set aside the order granting a new trial on the basis that Wilson's counsel had adequate time to prepare for the testimony of the added witnesses and affirmed Wilson's conviction. Docket No. 70522, order of May 6, 1983. Wilson then filed a motion for rehearing, which was denied by this Court on June 10, 1983.

Thereafter, Wilson filed a delayed application for leave to appeal in the Supreme Court. The Supreme Court held the application in abeyance pending its decision in *People v Cooke,* 419 Mich 420; 355 NW2d 88 (1984).

On January 30, 1985, the Supreme Court vacated the Court of Appeals' May 6, 1983, order and remanded the case to Recorder's Court, holding that the Court of Appeals "did not have jurisdiction of the prosecutor's application for leave to appeal the grant of new trial."

The prosecutor then filed this complaint for superintending control, contending that in granting Wilson's motion for new trial the trial court committed a clear error of law, thereby vesting this Court with the jurisdiction to issue an order of superintending control in the nature of certiorari. We agree.

Pursuant to MCL 600.310; MSA 27A.310 and GCR 1963, 711, now MCR 3.302, this Court is "vested with jurisdiction to issue, to inferior tribunals, orders of superintending control that are in the nature of mandamus, prohibition and certiorari." *Shaughnesy v Tax Tribunal,* 420 Mich 246, 252; 362 NW2d 219 (1985). Historically, the scope

of review pursuant to a writ of certiorari is limited to determining whether the inferior tribunal, upon the record made, had jurisdiction, whether the inferior tribunal exceeded that jurisdiction, and whether the inferior tribunal proceeded according to law. *Genessee Prosecutor v Genessee Circuit Judge,* 386 Mich 672, 677, n 4; 194 NW2d 693 (1972), quoting *In re Fredericks,* 285 Mich 262, 267; 280 NW 464 (1938). Superintending control is appropriate where no other adequate remedy is available. *Shaughnesy, supra;* MCR 3.302. The fact that the state may not appeal in a criminal case does not preclude the issuance of a writ of superintending control in the nature of certiorari. *Genessee Prosecutor, supra; Wayne County Prosecutor v Recorder's Court Judge,* 27 Mich App 251, 253-254; 183 NW2d 333 (1970).

Were we asked to review the trial court's exercise of discretion in the case at bar, we would be inclined to dismiss the complaint for superintending control. See *People v Genessee Circuit Judge,* 227 Mich 538, 540-541; 198 NW 971 (1924). However, because the trial court's decision was not based on any factual dispute but rather constituted a clear error of law, we conclude that the writ of superintending control may properly issue.

In granting Wilson's motion for a new trial, the trial court relied on *People v Nicholas,* 41 Mich App 300; 199 NW2d 858 (1972). In that case, the defendant waived his right to a jury trial as required by the trial court in anticipation of pleading guilty to a lesser charge, only to learn that the trial court would not grant the prosecutor's motion to add the lesser charge. This court held that the trial court's subsequent refusal to accept the defendant's withdrawal of his jury waiver constituted an abuse of discretion.

The defendant in *Nicholas* gave up his right to a jury trial based upon his justifiable expectation that he would be allowed to plead guilty to a lesser charge. When that expectation was not fulfilled, this Court believed the defendant should have been allowed to withdraw his waiver. A similar situation is not present in the instant case.

The trial court's sole basis for nullifying Wilson's jury waiver was the mid-trial endorsement of two res gestae witnesses. This circumstance does not affect the voluntary, knowing and intelligent characteristics of Wilson's jury waiver. While a defendant has a right to expect the prosecutor to fulfill his duty to produce and endorse res gestae witnesses with due diligence, *People v LeFlore (After Remand),* 122 Mich App 314; 333 NW2d 47 (1983), he cannot justifiably rely on the circumstance that no new witnesses will ever be discovered during trial. Indeed, such a circumstance cannot be accurately predicted by either party. Therefore, the only question that can be ascertained is whether the defendant will be unfairly prejudiced if the new witnesses are endorsed in mid-trial. If prejudice can be stemmed by granting a continuance as was done in this case, then the late endorsement of witnesses is generally proper. *People v Rowls,* 28 Mich App 190; 184 NW2d 332 (1970).

To automatically nullify a defendant's waiver of jury trial and grant a new trial every time new evidence is discovered in mid-trial would be unduly burdensome. Contrary to the holding of the trial court, the late endorsement of res gestae witnesses does not as a matter of law void a waiver of the right to jury trial.

The trial court's order granting a new trial is vacated and Wilson's conviction is reinstated.