PEOPLE v WOLFE

Docket No. 80869. Submitted April 15, 1986, at Lansing. Decided
October 2, 1986. Leave to appeal applied for.

Gary D. Wolfe and two codefendants were charged in Oakland
Circuit Court with first-degree murder. The defendants moved
to have the charges reduced to second-degree murder because
first-degree murder had not been established at the preliminary
examination. The court, James S. Thorburn, J., granted the
motion, reduced the charges to second-degree murder, and
denied the prosecutor's motion for a stay of proceedings. The
people immediately commenced an appeal to the Court of
Appeals challenging the reduction of the charges. In the mean-
time, separate juries were sworn for the defendants and the
prosecuting attorney made his opening statement. The Court of
Appeals reversed the trial court's ruling and reinstated charges
of first-degree murder against the defendants. Defendants
sought leave to appeal to the Supreme Court, which denied
leave, *People v Conte,* 403 Mich 841 (1978). All three of the
defendants were subsequently convicted of first-degree murder.
Defendant Wolfe appealed his conviction on double jeopardy
grounds. The Court of Appeals affirmed, 110 Mich App 606
(1981). Defendant Wolfe then filed in Oakland Circuit Court a
delayed motion to reinstate lesser charges in an attempt to
have his conviction reduced to second-degree murder and to be
resentenced, contending that the Court of Appeals did not have
jurisdiction to hear the prosecutor's appeal of the trial court's
reduction of the charges from first-degree to second-degree
murder. The court, James S. Thorburn, J., denied the motion.
Defendant appealed by leave granted.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Appeal and Error §§ 744 *et seq.*

Am Jur 2d, Criminal Law §§ 260, 315-320.

Am Jur 2d, Stipulations § 5.

Conviction or acquittal of one offense, in court having no jurisdic-
tion to try offense arising out of same set of facts, later charged
in another court, as putting accused in jeopardy of latter offense.
4 ALR3d 874.

See also the annotations in the Index to Annotations under Appeal
and Error; Stipulations.

1. The statute governing appeals by prosecutors in criminal cases provided at the time pertinent to this appeal that the order appealed from must have been entered before the defendant was placed in jeopardy in order to avoid double jeopardy, not that the appeal must have been taken before the defendant was placed in jeopardy. Defendant Wolfe was not in jeopardy at the time the order at issue was entered, the jury not yet having been sworn.

2. The fact that jeopardy had been stipulated to prior to the trial court's ruling does not alter the fact that jeopardy had not attached. Parties may not stipulate to a question of law which is contrary to the actual state of law, let alone stipulate conclusively. The Court of Appeals had jurisdiction to entertain the interlocutory appeal.

Affirmed.

1. CRIMINAL LAW — APPEAL — NONJURISDICTIONAL MATTERS — SECOND APPEALS.

A defendant may not raise nonjurisdictional trial-related matters on a second appeal absent a claim of appellate ineffective assistant of counsel.

2. CRIMINAL LAW — APPEALS BY PROSECUTORS — DOUBLE JEOPARDY.

The statute governing appeals by prosecutors in criminal cases in effect on October 24, 1978, provided that the time of the entry of the order appealed from, not the time of the appeal itself, controlled whether double jeopardy would attach (MCL 770.12[1][c]; MSA 28.1109[1][c]).

3. CRIMINAL LAW — JEOPARDY — JURY TRIALS.

Jeopardy attaches in a jury trial when the jury is sworn.

4. STIPULATIONS — QUESTIONS OF LAW.

Parties may not stipulate to a question of law which is contrary to the actual state of the law.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Robert L. Beardslee,* for defendant on appeal.

Before: ALLEN, P.J., and MACKENZIE and J. P. SWALLOW,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the trial court denying his delayed motion to reinstate lesser charges. We affirm.

Defendant and his two codefendants, David Ovegian and Augustino Conte, were charged with first-degree murder, MCL 750.316; MSA 28.548, in the 1977 death of Barbara Lundsford. They were jointly tried before separate juries. On the morning of October 24, 1978, after the juries were selected, defendant and Conte joined in Ovegian's motion to reduce the first-degree murder charges to second-degree murder because first-degree murder had not been established at the preliminary examination. The trial court granted the motion, reduced the charges to second-degree murder, and denied the prosecutor's motion for a stay of proceedings. While the prosecutor's office immediately commenced an appeal to this Court, the juries for each defendant were sworn and the prosecutor made his opening statement. This closed trial proceedings for October 24. Proceedings were scheduled to resume on October 26, 1978.

By order dated October 26, 1978, this Court reversed the trial court's ruling and reinstated charges of first-degree murder against the three defendants. All three applied for leave to appeal to the Supreme Court, which denied leave by order of November 3, 1978, and subsequently denied rehearing. Trial resumed January 22, 1979.

Defendant and his two codefendants were convicted of first-degree murder. Defendant appealed his conviction as of right on double jeopardy grounds. This Court affirmed. *People v Wolfe*, 110

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich App 606; 313 NW2d 350 (1981) (Judge MAC-
KENZIE dissenting). Both codefendants' convictions
were also affirmed. *People v Ovegian,* unpublished
opinion per curiam of the Court of Appeals, de-
cided March 18, 1981 (Docket No. 44542), lv den
412 Mich 887 (1981), and *People v Conte,* 104 Mich
App 73; 304 NW2d 485 (1981), aff'd 421 Mich 704
(1984).

On November 3, 1983, defendant filed in the
circuit court a delayed motion to reinstate lesser
charges, apparently in an attempt to have his
conviction reduced to second-degree murder and to
be resentenced. The basis of the motion was that
this Court lacked the jurisdiction to hear the
prosecutor's 1978 interlocutory appeal. The trial
court denied the motion on February 8, 1984.

Defendant raises two issues on appeal. First, as
in the trial court, he asserts that this Court lacked
jurisdiction to hear the prosecutor's interlocutory
appeal and order the reinstatement of the first-
degree murder charge against him. Second, defen-
dant for the first time claims error in certain jury
instructions. Absent a claim of appellate ineffec-
tive assistance of counsel, a defendant may not
raise nonjurisdictional trial-related matters on a
second appeal. *People v Pauli,* 138 Mich App 530,
533-534; 361 NW2d 359 (1984), lv den 422 Mich
930 (1985). Having made no such claim, defen-
dant's second issue is therefore not properly before
us. We proceed then to the merits of defendant's
jurisdictional argument.

At the time of the prosecutor's interlocutory
appeal, the relevant portion of the statute govern-
ing such appeals, MCL 770.12(1)(c); MSA
28.1109(1)(c), provided:

An appeal may be taken by and on behalf of the

people of this state from a court of record in all
criminal cases, in any of the following instances:

* * *

(c) From a decision or judgment sustaining a
special plea in bar, when the defendant has not
been put in jeopardy, or from another order of the
court relative to admission of evidence or proceed-
ings had or made before the defendant is put in
jeopardy.

The threshold question in determining whether
there was a proper prosecutorial appeal in this
case is whether the statute requires that the *order*
appealed from be entered before defendant is put
in jeopardy, or whether the *appeal* must be taken
before the defendant is put in jeopardy. We read
the statute to provide that the time of the order,
and not the time of the appeal, controls. The
cardinal rule of statutory construction is to ascer-
tain and give effect to the Legislature's intent.
*Melia v Employment Security Comm,* 346 Mich
544, 562; 78 NW2d 273 (1956). In reenacting the
above statute, the Legislature intended to limit the
people's right to appeal, *People v Cooke,* 419 Mich
420, 430; 355 NW2d 88 (1984), not to make that
right wholly vulnerable to defeat by trial courts.
Were we to read the statute to require that the
time of the appeal controls the right to take an
interlocutory appeal, trial courts would be abso-
lutely empowered to preclude legitimately sought
interlocutory appeals simply by denying a stay
following the disputed order and immediately
swearing the jury.

We must next decide whether, at the time the
trial court entered the order reducing the charges,
defendant was in jeopardy. In a jury trial, jeop-
ardy attaches when the jury is sworn. *People v
Harvey,* 121 Mich App 681; 329 NW2d 456 (1982).
Since the trial transcript before us clearly indi-

cates that the jury was not sworn until after the charges were reduced, it is apparent that defendant was not in jeopardy at the time of the order. The fact that jeopardy had been stipulated to prior to the court's ruling does not alter this conclusion. It has long been recognized that parties may not stipulate to a question of law which is contrary to the actual state of the law, let alone stipulate conclusively. *Greaves v Greaves,* 148 Mich App 643, 647; 384 NW2d 830 (1986), and cases cited therein. Accordingly, we conclude that this Court had jurisdiction to entertain the prosecution's appeal.

We note that even if there had been no appeal available in this case, this Court could have treated the prosecution's appeal as a complaint for superintending control to cause the first-degree murder count to be reinstated. See, e.g., *Wayne Co Prosecutor v Recorder's Court Judge,* 151 Mich App 550; 391 NW2d 407 (1986); *People v Wilkins,* 121 Mich App 813; 329 NW2d 500 (1982). It is also convincing to note that, when one of defendant's codefendants raised an identical issue on appeal, this Court, although admittedly before *People v Cooke, supra,* was issued, found no merit. *People v Conte, supra.* We agree with the people that the Supreme Court's denial of relief in *Conte* on this precise issue, even in the face of the Supreme Court's release of *Cooke* on the same date, is compelling.

Affirmed.