WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE
(ON REMAND)

Docket No. 106280. Submitted February 1, 1988, at Lansing. Decided
March 9, 1988. Leave to appeal applied for.

Prentis W. Wilson was convicted of manslaughter and using a
firearm during the commission of a felony following a bench
trial in Recorder's Court of Detroit, Clarence L. Laster, J. The
trial court, Samuel C. Gardner, J., granted Wilson's motion for
a new trial on the basis that the endorsement during trial of
two res gestae witnesses nullified Wilson's waiver of his right to
a jury trial. The Wayne County Prosecutor sought leave to
appeal and the Court of Appeals peremptorily reversed the
order granting a new trial. Docket No. 70522, order of May 6,
1983. Wilson sought leave to the Supreme Court, which vacated
the order of the Court of Appeals. 421 Mich 851 (1985). The
Wayne County Prosecutor filed in the Court of Appeals a
complaint for superintending control over the Recorder's Court
judge, alleging that the judge erred as a matter of law in
granting the new trial. The Court of Appeals issued an order of
superintending control, holding that the trial court erred as a
matter of law in granting the motion for a new trial, vacating
the order of new trial and reinstating Wilson's conviction. 151
Mich App 551 (1986). Wilson sought leave to appeal to the
Supreme Court, which, in lieu of granting leave, remanded to
the Court of Appeals for reconsideration in light of *In re People
v Burton,* 429 Mich 133 (1987). 429 Mich 893 (1988).

The Court of Appeals on remand *held:*

Superintending control may still be used by a prosecutor to
review an allegation that the trial court's action in a criminal
case was a clear error of law. The granting of the motion for a
new trial under these circumstances was a clear error of law.
The prior order of superintending control by the Court of
Appeals was proper and that order is affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 267, 268, 548.

Appeal by state of order granting new trial in criminal case. 95
ALR 3d 596.

CRIMINAL LAW — NEW TRIAL — SUPERINTENDING CONTROL.

    The granting of a criminal defendant's posttrial motion for new trial on the basis that the endorsement during trial of two res gestae witnesses nullified the defendant's waiver of a jury trial is a clear error of law by the trial court; superintending control is properly brought by the state to review the granting by the trial court of a motion for new trial where the challenge to the trial court's decision is that the trial court erred as a matter of law.

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for plaintiff.

*Edison, Davis & Lumumba* (by *Chokwe Lumumba*), for Prentis W. Wilson.

ON REMAND

Before: H. HOOD, P.J., and J. H. GILLIS and R. S. GRIBBS, JJ.

PER CURIAM. This case was remanded to us for us to consider in light of *In re People v Burton,* 429 Mich 133; 413 NW2d 413 (1987). The facts of the case are set forth in our previous opinion, *Wayne Co Prosecutor v Recorder's Court Judge,* 151 Mich App 550; 391 NW2d 407 (1986). In that opinion, we entertained the prosecutor's complaint for superintending control and held that the Recorder's Court judge committed an error of law when he granted defendant Wilson's motion for a new trial after two res gestae witnesses had been endorsed during the trial. In *Burton,* the Supreme Court held that this Court had improperly granted an order of superintending control where we had held that the trial court erred in granting the defendant's motion for new trial after a prosecution witness had recanted her trial testimony.

*Burton, supra,* p 144. The Supreme Court held that a writ of superintending control is improper when used merely to review a trial court's exercise of discretion. *Id.* The Supreme Court emphasized that an order of superintending control is to be used only to determine if the lower court "upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law." *Id.,* p 139.

We feel an order of superintending control is proper in the instant case. In this case, the basis for our review and disposition is not that the order of the Recorder's Court constituted an abuse of discretion, but, rather, that the court committed an error of law. *Burton* allows an order of superintending control to be used in such situations.

The trial court's order granting a new trial is vacated and Wilson's conviction is reinstated.