John James THOMPSON, Petitioner,

v.

Frank ELO, Respondent.

Civil Action No. 95–CV–71226–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 12, 1996.

John James Thompson, pro se.

### MEMORANDUM OPINION AND ORDER

O'MEARA, District Judge.

#### I. *Introduction*

Before the Court is petitioner John James Thompson's *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also before the Court is petitioner's motion for appointment of counsel or for an extension of time to answer the responsive pleading. Petitioner is a state inmate at Adrian Temporary Correctional Facility in Adrian, Michigan where respondent Frank Elo is the warden.

On March 13, 1986, a jury in Kalamazoo County Circuit Court found petitioner guilty of criminal sexual conduct in the first degree. On April 28, 1986, the trial court sentenced petitioner to imprisonment for fifteen (15) to thirty (30) years.

In his appeal of right, petitioner challenged his sentence on the grounds that the trial court had abused its discretion and had failed to state sufficient reasons for departing from the sentencing guidelines. On August 26, 1988, the Michigan Court of Appeals affirmed petitioner's conviction and sentence in a *per curiam* opinion, and on February 28, 1989, the Michigan Supreme Court denied petitioner's letter request for review.

On February 22, 1994, petitioner filed a motion for relief from judgment in the trial court. In his motion, he presented the issues currently before this Court. On March 4, 1994, the trial court denied petitioner's motion for relief from judgment after noting that petitioner could have raised his claims in his appeal of right. Both the Michigan Court of Appeals and the Michigan Supreme Court subsequently denied leave to appeal in standard orders. *See People v. Thompson,* Michigan Court of Appeals file number 173570 (July 8, 1994) and Michigan Supreme Court file number 100327 (January 31, 1995).

On March 31, 1995, petitioner filed the pending habeas corpus petition. His grounds for relief are:

I. DEFENDANT'S FOURTEENTH AMENDMENT DUE PROCESS AND SIXTH AMENDMENT RIGHT TO A JURY TRIAL WERE VIOLATED WHEN THE TRIAL COURT LOWERED THE REA-

SONABLE DOUBT STANDARD TO A 'MORAL CERTAINTY' AND 'FAIR DOUBT BASED ON REASON AND COMMON SENSE'

II. DEFENDANT'S FOURTEENTH AMENDMENT DUE PROCESS AND SIXTH AMENDMENT RIGHT TO A JURY TRIAL WERE VIOLATED WHEN THE TRIAL JUDGE RESTRICTED THE JURORS TO FIND A REASONABLE DOUBT FROM 'ALL THE EVIDENCE'

III. REVERSIBLE ERROR OCCURRED WHEN THE DEFENDANT WAS NOT PRESENT AT AN IN–CHAMBERS HEARING BETWEEN ONE OF THE JURORS, TRIAL JUDGE, DEFENSE COUNSEL AND THE ASSISTANT PROSECUTOR; DEFENDANT DID NOT WAIVE HIS RIGHT TO BE PRESENT AND DEFENSE COUNSEL CANNOT WAIVE DEFENDANT'S GUARANTEED RIGHT TO BE PRESENT ALSO DEFENDANT WILL SHOW THE PREJUDICE

IV. DEFENDANT WAS DENIED HIS CONSTITUTIONAL ASSISTANCE OF TRIAL AND APPELLATE COUNSELS (sic)

V. THIS COURT SHOULD USE THE 'SEE THROUGH' ANALYSIS OF *YLST v. NUMMEMAKER* (sic), [501 U.S. 797], 111 S.Ct. 2590 [115 L.Ed.2d 706] (1991) TO SEE IF THE LAST 'REASONED' STATE COURT DECISION RELIED ON A STATE PROCEDURAL RULE WHICH THEY DID NOT

Petitioner has exhausted state court remedies for these claims. 28 U.S.C. § 2254(b); *Picard v. Connor,* 404 U.S. 270, 275–278, 92 S.Ct. 509, 512–513, 30 L.Ed.2d 438 (1971).

Respondent has answered the petition through counsel and argues that the Court should deny the petition. Specifically, respondent argues that:

I. BECAUSE THE MICHIGAN COURTS HELD THAT PETI-

TIONER'S CLAIMS ARE BARRED BY HIS FAILURE TO RAISE THEM IN HIS APPEAL OF RIGHT, HABEAS REVIEW IS SIMILARLY FORECLOSED.

II. THE TRIAL COURT'S INSTRUCTIONS DID NOT RENDER PETITIONER'S TRIAL UNCONSTITUTIONAL.

III. NO CONSTITUTIONAL VIOLATION OCCURRED WHEN PETITIONER WAS ABSENT AT AN IN–CHAMBERS CONFERENCE WITH A JUROR.

## II. *Discussion*

### A. *The Last Reasoned Decision*

 The doctrine of procedural default provides that:

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). When determining whether a state court's judgment rested on an independent and adequate state procedural rule, the Court must "look through" unexplained orders to the last reasoned decision. *Ylst v. Nunnemaker,* 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991); *Couch v. Jabe,* 951 F.2d 94 (6th Cir.1991).

The last state court to render a reasoned decision on petitioner's habeas claims was the trial court when it ruled on petitioner's motion for relief from judgment. The trial court's entire opinion on petitioner's motion for relief from judgment reads as follows:

> On Februray (sic) 22, 1994, the Defendant filed a Motion for Relief from Judgment pursuant to MCR 6.500 et. seq. It plainly appears from the face of the materials that the Defendant is not entitled to

relief and therefore the MOTION IS DENIED WITHOUT FURTHER PROCEEDINGS.

The Defendant has failed to establish his entitlement to the relief required because the grounds for relief could have been raised on appeal from the conviction at sentence, and the Defendant has not demonstrated good cause for failure to do so nor actual prejudice from the alleged irregularities in that he has not shown that he would have had a reasonably likely chance of acquittal or that any alleged irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand.

*See* Exhibit A, Answer in Opposition to Petition for Writ of Habeas Corpus.

Despite petitioner's assertion to the contrary, the trial court did not consider the merits of petitioner's federal claims. Instead, the trial court denied relief solely because of petitioner's state procedural error. The language of the trial court's order and the reference to MCR 6.500, et seq., demonstrate that the trial court relied on MCR 6.508(D)(3), which reads in pertinent part as follows:

**(D) Entitlement to Relief.** The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

. . . .

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal . . . , and

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, 'actual prejudice' means that,

(i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;

. . . .

(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case. . . .

MCR 6.508(D)(3)(a) and (b) (effective October 1, 1989).

Although petitioner subsequently presented his claims to the Michigan Court of Appeals and to the Michigan Supreme Court, neither court discussed the merits of his claims in their orders. Their discretionary denials of leave to appeal were not even judgments; nor were they sufficient to lift the procedural bar imposed by the trial court. *See Ylst v. Nunnemaker*, 501 U.S. at 803, 805–806, 111 S.Ct. at 2594, 2595–2596. Having "looked through" the state appellate court orders to the trial court's order of March 4, 1994, this Court concludes that the trial court was the last state court to render a reasoned decision, and the trial court clearly and expressly denied relief based on petitioner's state procedural default.

### B. Independent and Adequate State Law Ground

This case requires the Court to determine whether the trial court relied on a state law ground that was "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. at 729, 111 S.Ct. at 2553. The trial court relied solely on a state procedural rule to deny relief; therefore, its decision was independent of petitioner's federal claims. The state law ground was also adequate to support the trial court's judgment. Under MCR 6.508(D)(3), a court may *not* grant relief from judgment if the allegations could have been raised on appeal unless the defendant demonstrates good cause and actual prejudice or that he is innocent of the crime.

Petitioner, nevertheless, notes that MCR 6.508 did not become effective until October 1, 1989, after he pursued his appeal of right. Petitioner contends that, before October 1, 1989, there was no absolute bar to raising constitutional claims following an appeal of right. Petitioner concludes that he was not required to raise every conceivable claim on

direct appeal and that the trial court erred in relying on MCR 6.508(D).

■ The Court agrees that, "[b]efore October 1, 1989, the procedure for collateral review of criminal convictions in Michigan did not make any provision for finality of judgments. As a consequence, defendants could, and did, repeatedly seek relief without limitation." *People v. Reed,* 449 Mich. 375, 388, 535 N.W.2d 496 (1995); *but see People v. Wolfe,* 156 Mich.App. 225, 228, 401 N.W.2d 283 (1986) (noting that, "[a]bsent a claim of appellate ineffective assistance of counsel, a defendant may not raise nonjurisdictional trial-related matters on a second appeal."), *leave to appeal denied,* 428 Mich. 899 (1987). Petitioner, however, essentially wants the Court to conclude that the state court incorrectly applied Rule 6.508(D) to his case. States, nevertheless, may establish their own procedural rules [1], and the State of Michigan chose to model MCR 6.508 after the federal habeas corpus statute. *People v. Reed,* 449 Mich. at 379–80, 535 N.W.2d 496. States may attach reasonable time limits to the assertion of federal constitutional rights, and they may refuse to entertain claims that violate their rules. *See, e.g., Coleman v. Thompson, supra,* (affirming the application of a state procedural rule that required a notice of appeal to be filed within 30 days of final judgment); *Ford v. Georgia,* 498 U.S. 411, 423, 111 S.Ct. 850, 857, 112 L.Ed.2d 935 (1991) (noting that a state court may adopt a general rule regarding the timeliness of a *Batson* [2] claim). Moreover, states may determine the retroactivity of their laws. *Wainwright v. Stone,* 414 U.S. 21, 23–24, 94 S.Ct. 190, 192–193, 38 L.Ed.2d 179 (1973) (quoting *Great Northern R. Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932)); *King v. Mintzes,* 559 F.Supp. 409, 412 (E.D.Mich. 1983).

■ The Court acknowledges that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied." *Ford v. Georgia,* 498 U.S. at 424, 111 S.Ct. at 857–858; *accord Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988) (noting that a state procedural rule is not "adequate" unless the state court consistently or regularly applied it); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir.1992) (finding that the Ohio Court of Appeals erroneously barred relief on the basis of a state court case that was decided after the petitioner's direct appeal), *cert. denied,* 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993). Rule 6.508 was not in effect when petitioner pursued his appeal of right. For the following reasons, however, the Court concludes that the trial court's apparent reliance on Rule 6.508(D)(3) is an independent and adequate state procedural bar.

First, petitioner has not alleged that he declined to raise the pending claims on direct appeal because he believed he could raise them later on collateral review. Stated differently, he has not shown that he acted " 'in justified reliance upon prior decisions' " when he filed his appeal of right. *Ford v. Georgia,* 498 U.S. at 423, 111 S.Ct. at 857 (quoting *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 457–458, 78 S.Ct. 1163, 1169, 2 L.Ed.2d 1488 (1958)). In fact, petitioner's first claim relies in part on federal decisions that were rendered after petitioner's appeal of right.[3]

Second, the facts in *Ford v. Georgia, supra,* indicate that the Supreme Court of Georgia inconsistently applied a procedural rule to bar relief in petitioner Ford's case, but not in a similar case. *See Ford v. Georgia,* 498 U.S. at 424–425, 111 S.Ct. at 857–

---

**1.** The Michigan Supreme Court may establish, modify, amend, and simplify practice and procedure in Michigan courts through the promulgation of general court rules. Mich. Const.1963, art. 6, § 5; M.C.L.A. § 600.223; M.S.A. § 27A.223; MCR 7.301(A)(7).

**2.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**3.** *See, Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990); *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); *Victor v. Nebraska,* —— U.S. ——, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

858. Additionally, Georgia's high court relied on a procedural rule that was expressly intended to be applied prospectively. *Id.* Thus, the procedural rule in question did not apply "even by its own terms." *Id.* at 425, 111 S.Ct. at 858.

In contrast, the state courts of Michigan consistently and regularly enforce MCR 6.508(D) to defendants whose convictions occurred, or appear to have occurred, before the effective date of the rule. *See, e.g., People v. Brown,* 196 Mich.App. 153, 492 N.W.2d 770 (1992); *People v. Watroba,* 193 Mich. App. 124, 483 N.W.2d 441 (1992). Additionally, when enacting Rule 6.508(D), the Michigan Supreme Court did not expressly limit the rule to prospective application. Furthermore, as respondent points out, neither the Supreme Court in *Ford v. Georgia, supra,* nor the Sixth Circuit Court of Appeals in *Warner v. United States, supra,* considered a formally adopted state procedural rule that has been applied consistently by a state court without regard to retroactivity.

Finally, unlike the habeas petitioner in *Warner v. U.S., supra,* petitioner has taken a direct appeal from his conviction.[4] This Court finds the following statement of the Michigan Supreme Court to be persuasive:

> [W]hen the state has afforded a full and fair opportunity to reliably determine guilt and an appeal of right, assisted by constitutionally adequate counsel at public expense, all institutional and public interests support the conclusion that proceedings should come to an end unless the defendant's conviction constituted a miscarriage of justice.

*People v. Reed,* 449 Mich. at 381–82, 535 N.W.2d 496.

The State's interests in compliance with its procedural rules are significant. "MCR 6.508 protects unremedied manifest injustice, preserves professional independence, conserves judicial resources, and enhances the finality of judgments." *People v. Reed,* 449

Mich. at 378–379, 535 N.W.2d 496 (footnote omitted). In the words of the United States Supreme Court, "[f]ailure to raise a claim on appeal reduces the finality of appellate proceedings [and] deprives the appellate court of an opportunity to review trial error...." *Murray v. Carrier,* 477 U.S. 478, 491, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986). Issuance of the writ of habeas corpus would undercut the state's absolute right to enforce its own procedural rules. *Id.; Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982).

Petitioner nevertheless asserts that retroactive application of Rule 6.508 to his case violates *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *"Teague* stands for the proposition that new constitutional rules of criminal procedure will not be announced or applied on collateral review." *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). Petitioner's reliance on *Teague* is misplaced. Unlike the facts in *Teague,* petitioner is not seeking to *benefit* from retroactive application of a new rule, and MCR 6.508 is not a *constitutional* rule of criminal procedure. Petitioner merely seeks to prevent this Court from relying on a state procedural rule, which the state court applied retroactively to his case.

For the foregoing reasons, the Court concludes that the trial court clearly and expressly relied on an independent and adequate state procedural default to deny relief. Accordingly, the Court must determine whether petitioner has shown cause for his failure to raise the pending claims on direct appeal and actual prejudice as a result of the alleged violations of federal law. *Coleman v. Thompson,* 501 U.S. at 750, 111 S.Ct. at 2565.

## C. *"Cause"*

### 1. *Assistance of Counsel*

■ To establish "cause" for his state procedural default, petitioner must show that

---

4. Petitioner Warner did not file a direct appeal from his state court sentence. When he (Warner) raised an ineffective-assistance-of-counsel claim on collateral review, the Ohio Court of Appeals concluded that his claim was barred by a procedural default. The Ohio court based its decision on *State v. Cole,* 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982), and concluded from *Cole*

that direct appeal was the appropriate time to raise allegations of ineffective assistance of counsel. The United States Court of Appeals for the Sixth Circuit held that the Ohio Court of Appeals erroneously relied on *Cole* because *Cole* was decided after the deadline for Warner's direct appeal had expired.

some objective factor external to the defense impeded him. *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645. Petitioner alleges that the ineffective assistance of his trial and appellate attorneys was "cause" for his failure to raise the pending claims earlier.

█ " 'Ordinary' attorney error does not constitute cause; however, error that amounts to the ineffective assistance of counsel under the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is 'cause' for procedural default." *West v. Seabold*, 73 F.3d 81, 84 (1996) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986)). Petitioner, therefore, "must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable." *Id.* (citing *Strickland v. Washington*, 466 U.S. at 698, 104 S.Ct. at 2070); *see Ratliff v. U.S.*, 999 F.2d 1023, 1026 (6th Cir.1993) (applying the same standard to appellate counsel).

"[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. at 486, 106 S.Ct. at 2644. Additionally, an appellate attorney "need not advance *every* argument, regardless of merit, urged by the appellant." *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 835, 83 L.Ed.2d 821 (1985) (emphasis in original) (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)).

█ Petitioner's first claim is that the trial court's instruction to the jury on reasonable doubt violated his constitutional rights to due process and a jury trial.[5] Specifically, petitioner contends that the trial court lowered the reasonable doubt standard to a "moral certainty" and "fair doubt based on reason and common sense."

Petitioner's claim relies primarily on federal decisions that followed his trial and appeal of right. *See* cases cited *supra* note 3. Counsel could not be expected to raise petitioner's first claim at trial or on direct appeal. *See Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066 (stating that a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, *viewed as of the time of counsel's conduct.* ") (emphasis added). Moreover, the Supreme Court has upheld against a constitutional challenge the use of a similar jury instruction with the phrase "moral certainty." *See Victor v. Nebraska,* —— U.S. ——, —— – ——, 114 S.Ct. 1239, 1247–1248, 127 L.Ed.2d 583 (1994). Additionally, three circuit courts cited by petitioner affirmed convictions despite use of the phrase "fair doubt" in jury instructions on reasonable doubt. *See United States v. Campbell*, 874 F.2d 838, 841–843 (1st Cir.1989); *United States v. Hall*, 854 F.2d 1036, 1037–1039 (7th Cir.1988); *United States v. Patman*, 557 F.2d 1181, 1182 (5th Cir.1977), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979).

Petitioner's second claim is that the trial court violated his rights to due process and a jury trial by instructing the jurors to find a reasonable doubt from all the evidence. Petitioner contends that this jury instruction excluded the possibility of a reasonable doubt that developed from lack of evidence. Petitioner further contends that this instruction shifted the burden of proof to him to prove lack of evidence.

The trial court, however, explicitly instructed the jury that petitioner did not have to prove his innocence or to produce any evidence whatsoever. T III at 112.[6] The trial court also stated that the burden of

---

**5.** Petitioner challenges the following jury instruction:

> Finally, the definition of a reasonable doubt again. A reasonable doubt is fair doubt growing out of the testimony, the lack of testimony, or the unsatisfactory nature of the testimony in the case. It is not a mere, imaginary or possible doubt, but it is a fair doubt based on reason and common sense. It is such a doubt as to leave your mind, after careful examination of all the evidence in the case, in the condition you cannot say you have an abiding conviction to a moral certainty of the truth of the charge here made against the Defendant.

T III at 112.

**6.** T refers to the transcript of trial, which consists of three (3) volumes, each of which is separately paginated.

proving guilt was on the prosecution throughout the entire trial, and that the burden of proof at no time shifted to the defendant. T II at 112. Additionally, the trial court explained that a reasonable doubt is a "fair doubt growing out of the testimony, *the lack of testimony, or the unsatisfactory nature of the testimony in the case.*" T II at 112 (emphasis added). Petitioner's second claim is not supported by the record. Therefore, trial and appellate counsel's performance was not deficient for failing to raise petitioner's second claim.

Nor is it reasonable to expect that either trial or appellate counsel would raise petitioner's third claim, which alleges that petitioner should have been present at a conference in chambers. During the conference, a juror stated that she attended junior and senior high school with the "plaintiff." T II at 4–6.

Defense counsel waived petitioner's presence at the conference, T II at 4, and petitioner had no constitutional right to be personally present. *United States v. Gagnon*, 470 U.S. 522, 527, 105 S.Ct. 1482, 1484–1485, 84 L.Ed.2d 486 (1985); *United States v. Brown*, 571 F.2d 980, 986–987 (6th Cir.1978). Additionally, the juror indicated that her acquaintance with the victim occurred years before the trial, that they were not close friends, and that they had "moved in different circles." T II at 5–6. She also indicated that she could "give everybody a square shake." T II at 6–7.

To conclude, neither trial counsel nor appellate counsel's performance was deficient for having failed to raise petitioner's claims in state court. The Court acknowledges that a novel constitutional argument can be cause for failure to raise a claim. *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). Petitioner, however, asserts that his claims derive from decisions that were in effect before his trial. *See* petition at 26. Even in petitioner's arguably novel first claim, he does not seek to benefit solely from a novel constitutional argument. He concedes that he seeks "application of the principle announced in *[In re] Winship*, 397 U.S. 358, 90 S.Ct. 1068, [25 L.Ed.2d 368] [1970], that the jury only convict him with proof beyond a reasonable doubt that he was guilty." *Rickman v. Dutton*, 864 F.Supp. 686, 710 (M.D.Tenn.1994); *see* petition at 5–15, 26. Ineffective assistance of counsel was not cause for petitioner's state procedural default.

### 2. Interference of Officials

■ Petitioner asserts that the interference of state officials is cause for his procedural default. Specifically, he claims that law libraries and legal assistance in state prisons are inadequate. According to petitioner, his lack of access to the courts constitutes "cause."

Petitioner was represented by counsel at trial and on direct appeal. The State had no further constitutional obligation to provide access to the courts. *See Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 104 (6th Cir.1991) (citing *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983)), *cert. denied*, 503 U.S. 989, 112 S.Ct. 1682, 118 L.Ed.2d 398 (1992). It follows that the alleged lack of legal resources was not "cause" for petitioner's procedural default.

### D. Prejudice

Petitioner has failed to establish cause for his state procedural default. The Court therefore will not consider whether he was prejudiced by the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 2665–2666, 91 L.Ed.2d 434 (1986); *Engle v. Isaac*, 456 U.S. at 134 n. 43, 102 S.Ct. at 1575 n. 43.

### E. Miscarriage of Justice

■ A remaining question is whether this Court's failure to consider petitioner's defaulted claims will result in a miscarriage of justice. The exception for miscarriages of justice requires petitioner to show that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, —— U.S. ——, ———–———, 115 S.Ct. 851, 864–867, 130 L.Ed.2d 808 (1995); *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2649–2650.

■ Petitioner testified that the victim, who was a stranger, consented to the sexual acts. T III at 60. The victim, however,

testified that petitioner choked her, threatened her by claiming that he had a knife, and forced her to engage in vaginal sex three times. T I at 51–54, 67, 87. A law enforcement officer arrested petitioner shortly after the incident. Officers testified that, when the victim was brought to the scene of the arrest for possible identification, she identified petitioner as her assailant and claimed that there was no mistake about it. T II at 40, 41, 116–118. The record before the Court fails to demonstrate that petitioner is innocent of the crime. Therefore, a miscarriage of justice will not occur if the Court declines to review petitioner's claims on the merits.

### III. Conclusion

The trial court clearly and expressly relied on an independent and adequate state procedural rule to bar relief. Petitioner has not established cause for his state procedural default, nor that a miscarriage of justice will result from the Court's failure to address his claims. Accordingly, the doctrine of procedural default bars federal habeas corpus review of petitioner's claims on the merits. The Court therefore DISMISSES the petition.

The Court DENIES petitioner's motion for appointment of counsel or for an extension of time to file a reply to respondent's answer. Petitioner filed a logical, forty-four (44)–page typewritten brief to support his claims, and the Court has declined to address petitioner's claims on the merits. Moreover, petitioner anticipated respondent's argument concerning the doctrine of procedural default, and petitioner addressed that argument in his habeas brief.