*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 29, 2020

v

KENNETH ALAN FIZER,

Defendant-Appellant.

No. 350564
Genesee Circuit Court
LC No. 16-040185-FH

Before: BOONSTRA, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

This case is back before this Court after we remanded for resentencing.[1] On April 26, 2017, following a jury trial, defendant was convicted of unlawful imprisonment, MCL 750.349b; first-degree home invasion, MCL 750.110a(2); assault by strangulation, MCL 750.84(1)(b); assault with intent to commit criminal sexual conduct involving penetration (CSC-I), MCL 750.520g(1); assault with a dangerous weapon, MCL 750.82(1); domestic violence, MCL 750.81(2); and larceny of property having a value of less than $200, MCL 750.356(5). The trial court originally sentenced defendant, as a fourth-offense habitual offender, MCL 769.12(1), to concurrent prison terms of 25 to 40 years for each of his unlawful imprisonment, first-degree home invasion, and assault by strangulation convictions; 20 to 40 years for his assault with intent to commit CSC-I conviction; and 8 to 15 years for his assault with a dangerous weapon conviction. The trial court also sentenced defendant to 93 days in jail for his domestic violence and larceny convictions, with credit for 286 days in jail. Defendant appealed his convictions and sentences. We affirmed his convictions, but remanded for resentencing on defendant's unlawful imprisonment, first-degree home invasion, and assault with intent to commit CSC-I convictions. On remand, the trial court resentenced defendant to serve concurrent prison terms of 124 to 480 months for his unlawful imprisonment conviction, 200 to 480 for his first-degree home invasion

---

[1] *People v Fizer*, unpublished per curiam opinion of the Court of Appeals, issued December 11, 2018 (Docket No. 338744).

conviction, and 25 to 40 years for his assault with intent to commit CSC-I convictions. Defendant appeals by right from the judgment of sentence entered after resentencing. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

We summarized the facts underlying defendant's convictions in his previous appeal:

The evidence at trial showed that on August 8, 2016, defendant entered the apartment of his estranged girlfriend, Sandra Cross, with a key she had given him when the two had previously resided together. Cross was in her bedroom in the apartment and emerged into the living room to find defendant in her home. Defendant appeared to Cross to be under the influence of drugs and she wanted him to leave her apartment. Cross testified that she and defendant began to argue and when she went to leave the apartment, he pulled her back in, and then stuck two knives in the door to prevent it from opening. Cross told police that defendant put a knife to her throat and threatened to kill her and told them that defendant also threw her down on the couch, choked her, and started to pull his pants down while holding a knife to her, telling Cross he was going to rape her.

The property manager of the apartment building received a call concerning a domestic disturbance at Cross's apartment and she and a maintenance person from the building went to Cross's apartment to investigate. They could hear scuffling inside the apartment and, after knocking on the door, they heard a female voice inside the apartment ask for help. The maintenance person announced that they were coming in and Cross opened the door, appearing flustered and scared, and asked the two to get defendant out of her apartment. Defendant, shirtless and buttoning up his pants, left, but was arrested a short time later in the vicinity of Cross's apartment. According to witnesses, security footage from the exterior of the apartment building showed Cross attempting to leave her apartment and being pulled back into the apartment by defendant.[2]

Although we affirmed defendant's convictions, we remanded for resentencing as described, holding that the trial court had erroneously applied the 25-year minimum sentence enhancement found in the habitual offender statute, MCL 769.12(1)(a), to defendant's unlawful imprisonment and first-degree home invasion convictions and had failed to apply the enhancement to the assault with intent to commit CSC-I conviction.[3] We remanded for the sole purpose of addressing these issues via resentencing. The trial court resentenced defendant as described, leaving the remainder of defendant's sentences undisturbed. This appeal followed.

---

[2] *Fizer*, unpub op at 2.

[3] *Id*. at 13-14.

## II. CRUEL OR UNUSUAL PUNISHMENT

On appeal, defendant for first time challenges the constitutionality of his 25-year minimum sentences for assault with intent to commit CSC and assault by strangulation, arguing that the sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution, US Const, AM VIII, or cruel or unusual punishment under the Michigan Constitution. We disagree.

Because defendant did not raise this constitutional challenge to his sentences below, this issue is unpreserved. See *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013). We review unpreserved constitutional issues for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

As an initial matter, we decline to address the sentence imposed for defendant's assault by strangulation conviction because this is outside the scope of our remand order. When a defendant appeals from a remand for resentencing, the second appeal "is limited to issues arising from the resentencing." *People v Kaczmarek*, 464 Mich 478, 485; 628 NW2d 484 (2001). See also *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986) ("An appeal from a resentencing is limited to the resentencing proceeding."), citing *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). In our order for resentencing, we stated that the trial court was to address the issues relating to application of the sentencing enhancement for Counts I, II, and IV; Count III, i.e., assault by strangulation, was not included, and his original sentence remained in place.[4] Therefore, defendant's challenge to the sentence imposed for this conviction is outside the scope of our remand order, and we decline to address it.

Defendant argues that the 25-year minimum sentence for his assault with intent to commit CSC conviction as a fourth-offense habitual offender, MCL 769.12(1)(a), constitutes cruel and unusual punishment under the Eighth Amendment, or cruel or unusual punishment under the Michigan Constitution. We disagree. Defendant focuses his arguments on the clause prohibiting cruel or unusual punishment in the Michigan Constitution, Const 1963, art 1, § 16, which provides broader protection than the Eighth Amendment. See *Bowling*, 299 Mich App at 557 n 3. Therefore, if a sentence "passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *Id*. (quotation marks and citations omitted).

The Michigan Constitution prohibits "cruel or unusual" punishment. Const 1963, art 1, § 16. This Court uses a three-part test in determining if a punishment is cruel or unusual, looking to "[(1)] the gravity of the offense and the harshness of the penalty, [(2)] comparing the punishment to the penalty imposed for other crimes in this state, as well as [(3)] the penalty imposed for the same crime in other states." *Bowling*, 299 Mich App at 557-558 (quotation marks and citation omitted). Additionally, a legislatively mandated sentence is presumed to be proportionate and valid. *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011). To overcome this presumption, "a defendant must present *unusual circumstances* that would render the

---

[4] See *Fizer*, unpub op at 1.

presumptively proportionate sentence disproportionate." *Bowling*, 299 Mich at 558 (quotation marks and citation omitted; emphasis added).

The relevant portion of the habitual offender, fourth offense statute, MCL 769.12, provides:

> (1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter1 as follows:

> (a) *If the subsequent felony is a serious crime or a conspiracy to commit a serious crime*, and *1 or more of the prior felony convictions are listed prior felonies*, the court *shall sentence the person to imprisonment for not less than 25 years*. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only. [MCL 769.12(1)(a) (emphasis added).]

A "serious crime" includes assault with intent to commit CSC-I, MCL 750.520g(1). See MCL 769.12(6)(c).

Defendant has failed to demonstrate unusual circumstances that render his 25-year minimum sentence disproportionate. *Brown*, 294 Mich App 377, 390. Defendant argues that, because the maximum minimum sentence recommended by his sentencing guidelines range was approximately half of the 25-year minimum he received, his sentence is automatically disproportionate and therefore, cruel or unusual. Defendant cites no authority for this proposition, and we will not search for authority to support or reject a party's position. *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). In any event, it is inappropriate for this Court to make reference to the sentencing guidelines in reviewing the proportionality and constitutional validity of habitual offender sentences. See *People v Gatewood (On Remand)*, 216 Mich App 559; 560; 550 NW2d 265 (1996). Defendant has presented no other argument to overcome the presumption that his legislatively-mandated minimum sentence was proportionate.

Regarding the cruel or unusual punishment factors, we accept under the first factor that a 25-year mandatory minimum sentence is a harsh punishment (for a harsh crime). But defendant fails to advance any substantive argument regarding the second factor, i.e., comparing the punishment to the penalty imposed for other crimes in this state. "An appellant may not merely announce his or her position and leave it to this Court to discover and rationalize the basis for his or her claims." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 695; 880 NW2d 269 (2015) (quotation marks and citation omitted). Defendant has, therefore, abandoned his position regarding this factor. Regardless, Michigan courts have upheld 25-year minimum sentences for fourth-offense habitual offenders convicted of other crimes involving sexual assault, including crimes that did not involve force or violence. See, e.g., *People v Benton*, 294 Mich App 191, 194, 203; 817 NW2d 599 (2011). Regarding the third factor, i.e., the penalty imposed for the same crime in other states, defendant concedes that other states have upheld comparable mandatory

-4-

minimums. We need not address this factor any further, but a brief search by this Court has indeed revealed that many other states have upheld 25-year mandatory minimum sentences, even in less violent situations. See, e.g., *Com v Baker*, 621 Pa 401; 78 A3d 1044 (2013) (holding that a 25-year mandatory minimum for the possession of child pornography was not unconstitutional).

Defendant has not demonstrated that his minimum sentence for assault with intent to commit CSC-I was disproportionate, or that it was otherwise cruel or unusual. We therefore find no merit to defendant's contention that the 25-year mandatory minimum imposed under MCL 769.12(1)(a) constituted cruel or unusual punishment under our state Constitution, or cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

### III. STANDARD 4 BRIEF

Defendant also raises a number of issues in his Standard 4 brief.[5] These issues relate to his trial and not to his resentencing, and are therefore outside the scope of our remand order. See *Jones*, 394 Mich at 435-436. See also *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994) ("[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand."); *Gauntlett*, 152 Mich App at 400 ("An appeal from a resentencing is limited to the resentencing proceeding."); *People v Wolfe*, 156 Mich App 225, 228; 401 NW2d 283 (1986) ("Absent a claim of appellate ineffective assistance of counsel, a defendant may not raise nonjurisdictional trial-related matters on a second appeal."). Further, these issues could have been raised in defendant's first appeal. We therefore decline to address them.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[5] A supplemental appellate brief filed in propria persona by a criminal defendant under Michigan Supreme Court Administrative Order 2004-6, Standard 4.